## MICHAEL A. SHEINBERG
ATTORNEY AT LAW

50 COURT STREET
SUITE 702
BROOKLYN, N.Y. 11201

TEL. (718) 852-0079
FAX (718) 852-6086
EMAIL: MSHEIN1098@AOL.COM

Hon. Brian M. Cogan

United States District Judge

Eastern District of New York

225 Cadman Plaza

Brooklyn, N.Y.  11201

October 15, 2020

Re: United States v. Sheng Miao Xia

18 CR 408

Honorable Judge Cogan:

The above defendant is scheduled for sentencing on October 29, 2020 at 10:45am. The defendant pled guilty on September 5, 2019 before Magistrate Judge Steven M. Gold to violating sections 18 USC 2320 (a)(1). The guideline calculations for this plea were between 30 to 37 months incarceration. A presentence investigation report was prepared which reflects nearly the same.

Mr. Xia has no objection to the report prepared by the Department of Probation and he is in agreement as to much of what was stated within the report except probation calculated a level 21 on the guideline chart vs the governments calculation of a guideline level of 19. We believe the Guideline level should be a 19 which corresponds to his plea and that he is not eligible for a 2 point enhancement under USSG 2B5.3(b)(3)(a). Mr. Xia shipped the counterfeit products domestically. Based upon the report and the following factors Mr. Xia would request that the court accept the guideline level 19 with a range of 30-37 months but also consider a sentence below that level.

Mr. Xia pled guilty and accepted full responsibility to the crime of Conspiracy to traffic in Counterfeit Goods. He shipped those goods within the United States using a business called Skyli Express, Inc. He did this with his wife and codefendant Wei Mei Gao. In his Plea Mr. Xia has accepted responsibility and taken full responsibility for his actions. He has shown extreme remorse for his conduct both at the time of the plea and in his letter and the letters of others.

We are asking the Court to take into consideration numerous factors when deciding what type of sentence is appropriate here and pursuant to USC 3553(a).

Mr. Xia has a criminal history level of 0.  He has one documented prior Driving While Ability Impaired which was a violation of the Vehicle and Traffic Law, not a criminal conviction. That was 18 years ago. There was also a matter from 1998 in Chicago which was approximately 22 years ago and as per

probation will not be counted toward his criminal history level. In this case he accepted responsibility for shipping counterfeit goods domestically. Mr. Xia and his wife Ms. Gao made approximately $22,500.00 per year shipping these packages, a small amount compared to what others in the conspiracy made in their respective roles. All told they made approximately $90,000.00 dollars which he has agreed to forfeit.

As the court can see from the probation report and Mr. Xia's Acceptance of responsibility letter, he takes full responsibility for his actions in this case. He understands what he did was wrong and stupid and that he caused much pain to his family and himself. As you can see by his letter Mr. Xia is a dedicated family man who cares much for his wife and children. He has been described in another letter of acting selfless to help other family members. Mr. Xia would often put aside time from his busy schedule to help a cousin to learn to drive or help his wife and mother with their respective health ailments. All the while neglecting his own health and wellbeing.

I believe the most telling letter comes from Mr. Xia's wife Wei Mei Gao. In it she explains the profound effect Mr. Xia has on their family. How he cares for his children and is an integral part of their young lives. How he cares for his elderly parents and cares for her. In fact he actually flew back to China to take care of Ms. Gao's mothers health, sacrificing his own career to do so. Mr. Xia is constantly taking his own parents to doctors and hospitals. He is also caring for Ms. Gao during her cancer treatments wherein she has had 3 operations and I-131 radioiodine treatments. Mr. Xia has been of taking care of the family and children during this period of time.

Mr. Xia understands that the imposition of a sentence within the United States Guidelines is not mandatory and that they are simply advisory, and that the Court is required to consider any applicable guidelines provisions as well as the factors in 18 USC 3553(a). The court is obligated under 18 USC 3553(a) to impose as sentence sufficient but not greater than necessary. The Court must take into account the offense, the defendant and all factors which would afford adequate deterrence and just punishment.

In sum, this Court may serve all the goals of an appropriate sentence by imposing a non-incarceratory sentence. This would meet the dictates of 18 USC 3553 (a). This sentence would punish Mr. Xia's conduct and send a message to deter others from the commission of similar crimes. Mr. Xia would then be able stay with his children and parents, and care and provide for them as a productive member of society.

Wherefore Mr. Xia prays that this honorable court sentence him as requested and for any further relief as this court would deem just and proper.

Very truly yours,

Michael A. Sheinberg, Esq.

cc. AUSA William Campos

USPO Angela Deniz