

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JN:WPC/JSY/RK
F.#2018R01054

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 23, 2020

**By ECF**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Sheng Miao Xia
                 Criminal Docket No. 18-408 (S-1) (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter in advance of sentencing in the above-referenced case, which is scheduled for an in-person hearing on October 29, 2020, at 10:45 a.m.

      According to the pre-sentence investigation report ("PSR"), the defendant's adjusted offense level under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") is 21 with a Criminal History Category I. See PSR at ¶¶ 43, 46 and 73. The plea agreement ("Plea Agreement") in this case estimated the defendant's adjusted offense level to be 19 and his Criminal History Category to be I, which yielded an estimated Guidelines range of imprisonment of 30 to 37 months. The government does not advocate for a Guidelines range beyond that estimated in the Plea Agreement. For the reasons set forth below, the government respectfully requests that the Court impose a sentence between 30 and 37 months' imprisonment.

I.     Procedural Background

      On August 16, 2018, the defendant and co-defendant Wei Mei Gao, his wife, were two of 21 individuals arrested in this and related cases. The indictment charged the defendant with conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. § 2320(a) (Count One), conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h)

(Count Three), and trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a) (Counts Six through Eight).

On September 5, 2019, the defendant pleaded guilty before United States Magistrate Judge Steven M. Gold to Count One of the Indictment (trafficking in counterfeit goods), pursuant to the Plea Agreement. The defendant also agreed to pay forfeiture in the amount of $90,000. See PSR ¶¶ 1, 3 and 88. By docket order dated October 3, 2019, the Court accepted the defendant's guilty plea to Count One after reviewing the plea transcript.

The defendant and his wife her husband are the first defendants in this group of defendants, and the fifth and six individuals in the group of related cases, to be sentenced.

II.     The Offense Conduct

From December 2013 through December 2017, the defendant and his wife, participated in a scheme to traffic fake luxury goods—such as handbags, belts and perfume bearing counterfeit trademarks of companies such as Louis Vuitton and Hermes International—for financial gain. See PSR ¶¶ 1, 4–11.

Certain conspirators ("Container Importers") arranged for the importation of counterfeit goods from China, inside of 40-foot shipping containers transported by sea-going vessels into the Port of New York and New Jersey ("the Port") using fraudulent paperwork submitted to U.S. Customs and Border Protection. See PSR ¶ 12. The Container Importers assumed the identities of legitimate importation companies, and then used information for those companies on the fraudulent paperwork. Id.

The Container Importers also lied to unwitting customs brokers to facilitate the importation of the shipping containers filled with counterfeit goods into the United States. PSR ¶ 13. Once released from the Port, the shipping containers were trucked to various self-storage facilities in Brooklyn, Queens, and Long Island, New York, where boxes filled with the goods were unloaded from the containers and stored. PSR ¶ 14. Other conspirators ("Wholesale Distributors") managed the receipt, storage and further distribution of the counterfeit goods. Id.

Certain Wholesale Distributors also mailed boxes of counterfeit goods to retail sellers around the country through Wei Mei Gao and Sheng Miao Xia—operators of a private shipping business called "Skyli Express, Inc." in Queens. PSR ¶ 15. Gao and Xia, thus, helped to distribute the counterfeit goods throughout the United States for retail sale. Id. In certain circumstances, Gao and Xia concealed the origin of the counterfeit goods by providing false names for the "senders" in shipping documents that accompanied the counterfeit goods. Id. Gao and Xia received payments for the counterfeit goods from buyers in California and elsewhere in the United States. Id.

After selling counterfeit goods to consumers, the retail sellers either remitted or mailed payment to Gao and Xia, who, in turn, disbursed those payments to the Wholesale Distributors and others. PSR ¶ 16.

In addition to shipping counterfeit goods outside of New York for others, Gao and Xia also sold counterfeit goods themselves to wholesale and retail distributors in New York State. PSR ¶ 15. As an example, in undercover operations in April, May, and September 2015, the defendant and her husband sold counterfeit handbags and belts to a cooperating defendant and were paid more than $42,900 for those fake items. In total, the wholesale price of the counterfeit goods the defendant trafficked and helped others to distribute around the country was more than $550,000.[1] The Manufacturer's Suggested Retail Price ("MSRP") of the goods, had the goods been genuine, was likely well in excess of $1,500,000. This defendant made at least approximately $90,000 from the illegal scheme.

Overall, the criminal enterprise involved the importation of over 100 shipping containers, filled with counterfeit luxury goods with an approximate MSRP of over $1,500,000,000 had the goods been genuine. PSR ¶ 14.

III. A Sentence Within the Guideline Range is Appropriate

a. Legal Standard

In United States v. Booker, the Supreme Court held that the Guidelines are advisory and not mandatory, and the Court made clear that district courts are still "require[d] . . . to consider Guidelines ranges" in determining sentences, but also may tailor the sentence in light of other statutory concerns. United States v. Booker, 125 S. Ct. 738, 743 (2005); see 18 U.S.C. § 3553(a). Subsequent to Booker, the Second Circuit held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)." United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005). Although the Court declined to determine what weight a sentencing judge should normally give to the Guidelines in fashioning a reasonable sentence, the Court cautioned that judges should not "return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum." Id. at 113.

---

[1] The government agreed to a loss amount lower than the MSRP amount. As per Application Note 5 of U.S.S.G. § 2B5.3, the agreed upon loss amount reflects the lower estimate of the wholesale value of the goods and more reasonably reflects the seriousness of the offense perpetrated by the defendant. That is, under the Guidelines an increase of the offense level could have been warranted because the infringement amount, using MSRP, was higher than the $550,000 to $1,500,000 Guidelines range.

3

Later, in Gall v. United States, the Supreme Court elucidated the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, the court may not presume that the Guidelines range is reasonable. The court must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

b. Application of 18 U.S.C. § 3553(a) Factors

In this case, a particularized consideration of the factors set forth in Section 3553(a) demonstrates that a sentence within the agreed upon Guideline range is appropriate for this defendant.

The defendant committed his crimes with unabashed greed and a blatant disregard for intellectual property laws. The defendant and his wife were an essential part of the illegal enterprise's distribution network. The conspirators chose to ship their goods through Gao and Xia—not FedEx, DHL, or the U.S. Postal Service—because they knew that Gao and Xia knew what they were doing was illegal but did not care. In fact, Gao and Xia's business model largely consisted of facilitating the shipment of counterfeit goods throughout the United States for other conspirators and profiting off of that model. Thus, the defendant and his wife were ultimately responsible for enabling the mass-distribution of millions of counterfeit items nationwide for four years. A Guidelines sentence will provide just punishment for this offense and specific deterrence for this defendant.

In addition, a Guidelines sentence will promote respect for the law. While engaged in this illegal enterprise, the conspirators in these cases went to great lengths to deceive customs authorities. For example, they misused the identities of legitimate companies, in order to fraudulently import containers. The conspirators that made the defendant's and his wife's conduct possible lied to customs authorities about the contents of the containers, allowing thousands of pounds of contraband to flow into the United States without inspection. They lied to customs brokers about their own true identities, directing the shipments of counterfeit goods to public storage facilities, in order to evade law enforcement detection. Gao and Xia lied about the contents of the boxes that they were shipping around the country. After receiving payments for the counterfeit goods shipped through their business, Gao and Xia disbursed those payments to the Wholesale Distributors and others, often concealing the true identities of their customers.

4

The court, of course, should consider the sentences of similarly-situated defendants in deciding on the appropriate sentence in this case. The sentences to date in related cases for other wholesale distributors are as follows:

| Defendant and Case Number | Charge of Conviction | Plea Agreement Guidelines Range | Sentence |
|---|---|---|---|
| Yong Lin Dong<br><br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 24 to 30 months | One year and one day in prison |
| Cai Ying Lin<br><br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 10 to 16 months | 2 years' probation |
| Cheng Xu Yu<br><br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 24 to 30 months | Time-served |
| Xue Wei Qu<br><br>18-CR-419 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 30 to 37 months | One year and one day in prison |

Accordingly, taking into consideration the Section 3553(a) factors, including the need to provide just punishment, deter the defendant and others from future unlawful conduct, and promote respect for the law, the government respectfully requests that the defendant be sentenced within the applicable Guidelines range, as articulated in the Plea Agreement.
.

Additionally, should the Court consider a sentence of incarceration for the defendant and her spouse, the government does not object to staggering the start date of the sentences because of their family circumstances and child care duties.

IV.     Forfeiture and Restitution

The government requests that the Court impose forfeiture as part of the defendant's sentence. In the Plea Agreement, the defendant agreed to a forfeiture money judgment in the amount of $90,000. On September 10, 2019, the government provided the Court with a Final Order of Forfeiture, which the Court entered the same day.

5

In addition, pursuant to 18 U.S.C. § 3663A, restitution in the amount of $125,000 is due to Louis Vuitton and restitution in the amount of $150,000 is due to Hermes International in this case. PSR ¶ 89.

V. <u>Conclusion</u>

For the reasons set forth above, the government respectfully requests that the Court impose a sentence of incarceration within the agreed upon Guidelines range in the Plea Agreement, a forfeiture money judgment in the amount of $90,000 and restitution, as described above and in the PSR.

        Respectfully submitted,

        SETH D. DuCHARME
        Acting United States Attorney
        Eastern District of New York

By:   /s/ William P. Campos
      William P. Campos
      Temidayo Aganga-Williams
      Assistant U.S. Attorneys
      (718) 254-6104/ (718) 254-6183

      Robert Kaftal
      Special Assistant United States Attorney
      (718) 254-6033

      /s/ James Yoon
      James S. Yoon
      Senior Counsel
      Criminal Division
      United States Department of Justice
      (202) 514-1115

cc:    Michael Sheinberg, Esq.
       Counsel for Defendant Sheng Miao Xia
       (by ECF)

       Angelica Deniz
       U.S. Probation Officer
       (by ECF)